Argued and submitted February 12, affirmed December 24, 2014

In the Matter of the Walter F. Brown Trust,
u/a/d January 20, 1997.

James R. McDONALD,
*Appellant,*

*v.*

Nancy MacDONALD,
*Respondent.*

Clackamas County Circuit Court
CV11050638; A149912

341 P3d 169

Matthew Whitman argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Duncan, Presiding Judge, and Hadlock, Judge, and Lagesen, Judge.*

HADLOCK, J.

---

* Hadlock J., *vice* Wollheim, J.

## HADLOCK, J.

Petitioner is trustee of the Walter F. Brown Trust, a revocable trust established by Walter Brown who, as trustor, retained authority to manage trust assets. Respondent was the conservator for Walter Brown.[1] Petitioner, and his predecessor trustee, retained an attorney to represent them in an action brought by the conservatorship to have the trust declared void and to have the trust property brought under the conservator's control. After that lawsuit settled, petitioner filed a petition in the trial court in which he asked the court to instruct him to pay the attorney approximately $42,000 for services that the attorney had rendered. Respondent, in her capacity as conservator, filed an answer in which she opposed the issuance of those instructions on the ground that the requested amount was unreasonable. The trial court issued a judgment directing petitioner to pay his attorney $20,000. Petitioner appeals, contending that the court erred by not instructing him to pay the full amount of the attorney fees. As explained below, we reject the claims of error that form the basis of petitioner's appeal because he did not preserve them for our review.

The trial court's factual findings are undisputed. Walter Brown established the trust in 1997. Laura Aust eventually became the sole trustee. The only asset of the trust was a piece of real property. Aust sought to sell the property and use the proceeds for Walter Brown's maintenance and support.

One of Walter Brown's sons, Jeffrey, was appointed conservator for his father. In that capacity, Jeffrey brought an action to invalidate the trust and require transfer of the trust property to him. Aust executed a written fee agreement with attorney Cartwright and his firm to represent her in the matter. After the parties litigated a series of dispositive motions, the case settled without a hearing on the merits.

The trust survived the settlement, the property remained in the trust, and petitioner succeeded Aust as trustee. Respondent succeeded Jeffrey Brown as Walter

---

[1] As discussed below, the conservatorship was terminated during the pendency of this appeal.

Brown's conservator. Petitioner attempted to sell the trust property, but discovered that Jeffrey Brown had clouded its title by filing a notice of *lis pendens*. Upon petitioner's request that he remove the notice, Jeffrey Brown refused to do so because he was no longer conservator; respondent refused to remove the notice because she had not filed it. Petitioner retained attorney Cartwright, who eventually succeeded in getting the notice removed, thus clearing the way for sale.

Petitioner sold the trust property. He then filed a "Trustee's Petition for Instructions" with the trial court, in which he sought a court order directing him to pay, out of the proceeds of the property sale, three distinct administrative expenses of the trust: Aust's fees for serving as trustee, petitioner's fees for serving as trustee, and Cartwright's attorney fees for representing both of them in the disputes with the conservatorship.[2] Petitioner explained that he sought those instructions because respondent had demanded that he seek court approval before paying the expenses. Petitioner, "[w]ithout conceding that [respondent] has any standing to make that demand," asked the court to issue one of two alternative instructions: (1) that Walter Brown, under the powers reserved to him by the terms of the trust, had directed petitioner to pay all the administrative expenses and that petitioner was therefore directed to pay those expenses; or, (2) that the administrative expenses were "approved" by the court and that petitioner was therefore instructed to pay them to the extent that the trust's assets would permit. With respect to Cartwright's attorney fees, petitioner submitted an "Attorney Fee Statement" requesting the court to consider certain statutory factors "in determining [Cartwright's] attorney fees." We discuss that fee statement in greater detail below.

Respondent filed a response to the petition for instructions. Among other things, she contended that the administrative expenses were "either not reasonable considering the assets or issues involved or that they did not

---

[2] A portion of Cartwright's fees were attributable to work performed by other members of his firm and various support staff. We refer to "Cartwright's fees" for simplicity's sake.

provide material benefit to the Trust or to the protected person's estate." Accordingly, she urged the court to enter a judgment that declared the amount of the requested administrative expenses "excessive and unreasonable"; that "approv[ed] only those administrative expenses that the Court deems reasonable"; that directed that any remaining funds in the trust be applied to attorney fees that had previously been awarded in the conservatorship proceeding; and that awarded respondent attorney fees "incurred herein."

The trial court held a contested hearing on the petition; Cartwright and petitioner provided the only witness testimony. In a letter opinion, the court concluded that Walter Brown's instruction to the trustee—to pay Cartwright the full amount of his fees—was not "determinative," and thus declined to issue the requested instructions on that ground.[3] The court also observed that "[t]he benefit Mr. Brown or his assets derived" from Cartwright's services was "unclear." Accordingly, the court explained, it was awarding only $20,000 of the requested attorney fees.

The trial court initially entered a general judgment that did not include findings. Upon petitioner's request, however, the court held another hearing so the parties could present their views regarding findings and the proper form of judgment. At that hearing, the trial court characterized its "most important finding" as relating to "the benefit to the conservatorship or trust—whichever one it is supposed to be—the benefit to the estate from the work." At that point, petitioner stated, without elaboration, that he did not "believe that's the appropriate standard for measuring [the] attorney fees." The court asserted that that was "not the issue," and no further discussion on that point occurred.

The trial court subsequently vacated the original judgment and entered a new general judgment in which it found that Cartwright's hourly rate was reasonable under the circumstances, that Cartwright had actually performed the work that he claimed, and that the total amount of his fees and costs was $42,723.45. The trial court found that "Aust's counsel [Cartwright] could not have disposed of [the

---

[3] Neither party challenges that conclusion in this appeal, and we therefore do not address it.

trust litigation initiated by Jeffrey Brown] sooner or on terms more favorable to the trust and its Trustee." The court also observed that Cartwright had succeeded in removing the cloud on trust property. More generally, however, the court found that

> "[t]he benefit [Walter] Brown or his assets derived from the services provided by Cartwright * * * is unclear. Because the fees of counsel for the other parties in the litigation were decided by this Court in recent months, the relative magnitude of the fees in the entire matter has been considered by the Court."[4]

The judgment directed petitioner to pay to Aust and himself the entire amount of their respective fees. It then ordered petitioner to pay Cartwright $20,000, or approximately half of what petitioner sought to pay.

Petitioner appeals that judgment, claiming that the trial court erred in not directing him to pay Cartwright the full amount of his fees and costs. Respondent has not filed any briefing in this appeal and did not appear for oral argument.[5]

Petitioner makes two arguments on appeal. First, he contends that the trial court erred in awarding anything other than the amount of fees requested. According to petitioner, because the request was based on a written fee agreement between petitioner (in his capacity as trustee) and Cartwright (who represented petitioner in that capacity), and because there was no dispute that Cartwright had fulfilled his obligations under that agreement, the court lacked discretion to reduce the fees owed to Cartwright. Second, petitioner contends that the trial court erred when

---

[4] The other litigation referred to by the court involved the conservatorship proceedings, in which the court had previously ruled upon the fee requests of Jeffrey Brown, Stephen Owen (Walter Brown's attorney), and respondent. The court noted that "[Cartwright] is requesting 40% of what Mr. Owen requested in fees for his services which extended over a considerable period of time and included a lengthy hearing, an appeal and another lengthy hearing."

[5] Shortly before petitioner appeared to argue his case before us, we issued our opinion in *Brown v. MacDonald and Associates, LLC*, 260 Or App 275, 317 P3d 301 (2013). In that case, the probate court had overruled Walter Brown's motion to terminate the conservatorship; we reversed, concluding that there was not clear and convincing evidence that Brown was "financially incapable" within the meaning of ORS 125.005(3). *Id.* at 283.

it awarded less than the amount of fees requested "based on [its] perception that Cartwright's efforts had not adequately benefitted" the trust.[6] Petitioner contends that, because Cartwright was the attorney only for petitioner—the *trustee* of the trust—the trial court should not have considered whether Cartwright's efforts benefitted any person or entity other than petitioner.

Neither of those arguments is preserved for appeal. As noted, petitioner's "petition for instructions" requested Cartwright's attorney fees as part of the administrative expenses incurred by the trust. Petitioner incorporated Cartwright's attorney-fee statement into that petition. Petitioner did not assert, either in the petition for instructions or in the attorney-fee statement, that the trial court lacked authority to award anything less than the attorney fees due under the fee agreement between petitioner and Cartwright. To the contrary, as explained below, petitioner suggested that the trial court should take into account certain statutory factors in determining what fees to award. Petitioner's first argument on appeal, therefore, is not preserved for our review.

Petitioner's second argument on appeal—that the trial court erred by considering the extent to which Cartwright's efforts had benefitted the trust—also is not preserved. Indeed, petitioner invited any error that the trial court committed in that regard. The attorney-fee statement incorporated into the petition for instructions expressly asked the trial court to consider particular statutory factors "in determining [Cartwright's] attorney fees":

> "I request that the Court consider the following ORS 116.183 factors in determining attorney fees of Cartwright and Associates:
>
> "(a) <u>Customary fees in the community for similar services:</u> as set forth above, the fees of Cartwright and Associates are consistent with the hourly rates of other specialist attorneys performing this work.

---

[6] Petitioner also suggests that the trial court reduced the fees based on its perception that Cartwright's efforts had not adequately benefitted "the trust's beneficiary." That suggestion is inaccurate; the trial court's references to who may have benefitted from Cartwright's work were only to the trust itself and to Walter Brown, the trustor of that revocable trust.

"(b) <u>Time spent by counsel:</u> We bill hourly, and track our hourly fees.

"(c) <u>Counsel's experience in such matters/the skill displayed by counsel:</u> Cartwright and Associates remains, to my knowledge, the only multi-lawyer firm in the State of Oregon specializing primarily in probate and trust litigation. Members of the firm are regular speakers at seminars and contributors of written CLE materials on probate and trust litigation and related topics.

"(d) <u>Excellence of the result obtained:</u> The work performed by my firm on behalf of the trustee *brought a benefit upon the trust as a whole.*

"(e) <u>Agreement as to fees which may exist between the personal representative and the counsel of the fiduciaries:</u> As stated, we track our hours spent and request for attorney fees incurred."

(Underscoring in original; italics added.)[7]

Thus, petitioner invited the trial court to consider, in determining the amount of fees to award, the extent to which Cartwright's efforts had benefitted the trust. We acknowledge that petitioner briefly objected when the trial court explained, at the hearing on the form of judgment, that it would include a finding related to the extent to which Cartwright's efforts had benefitted the trust. Petitioner's belated and unembellished assertion that the consideration was not "appropriate" does not, in our view, outweigh the fact that he had expressly *asked* the court in his petition for instructions to consider the "benefit" that Cartwright's work had conferred "upon the trust." Having made that request, petitioner cannot properly base an appeal on a complaint that the court did as he asked.

Affirmed.

---

[7] The record does not reveal why petitioner based his attorney-fee statement on ORS 116.183. That statute applies to fees requested by personal representatives in probate proceedings. In addition, we note that the trial court cited ORS 20.075 in the general judgment, apparently believing (incorrectly) that the attorney-fee statement was based on that statute. In his appeal brief, petitioner did not challenge the court's reliance on ORS 20.075, and we do not address that point further.